**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VALDEMAR OSVALDO JUAREZ-
ALTUN and FREDY HUMBERTO
JUAREZ-ALTUN,

    Petitioners,

 v.

ERIC H. HOLDER, Jr., Attorney General,

    Respondent.

No. 09-70400

Agency Nos.   A099-577-175
              A099-577-176

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS and W. FLETCHER, Circuit Judges.

   Valdemar Osvaldo Juarez-Altun and Fredy Humberto Juarez-Altun, natives

and citizens of Guatemala, petition for review of a Board of Immigration Appeals

order dismissing their appeal from an immigration judge's decision denying their

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because petitioners failed to show their alleged persecutors threatened them on account of a protected ground. Petitioners' fear of future persecution based on their refusal to cooperate with gang members is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus*, 542 F.3d at 745-46; *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.") And as the Board recognized, Fredy testified he was threatened because of his official duties as a police officer which, by itself, does not establish persecution on account of membership in a social group or political opinion. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1028-29 (9th Cir. 2000).

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that petitioners did not establish a likelihood of torture by, at

2

the instigation of, or with the consent or acquiescence of the Guatemalan government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**